IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tresa English,<br><br>        Plaintiff,<br><br>    v.<br><br>Otis Elevator Company,<br><br>        Defendant. | C/A. No. 3:19-3346-CMC<br><br>Opinion and Order on<br>Plaintiff's Motion for Leave to File<br>an Amended Complaint and<br>Defendant's Motion to Dismiss<br>(ECF Nos. 5, 20) |

This matter is before the court on two related motions: (1) a Motion to Dismiss filed by Defendant Otis Elevator Company ("Otis"), ECF No. 5; and (2) a Motion for Leave to File an Amended Complaint ("Motion to Amend") filed by Plaintiff Tresa English ("English"). ECF No. 20. Both parties responded with opposing memoranda and supporting replies. ECF Nos. 12, 16, 21, 22.

For reasons set forth below, Plaintiff's Motion to Amend is denied to the extent it seeks to join a nondiverse defendant. It is granted to the extent it seeks to assert a single negligence claim against Otis and drop all other claims. If English files the Amended Complaint allowed by this order, Defendant's Motion to Dismiss will become moot. If English fails to file the allowed Amended Complaint, the Motion to Dismiss will be granted and the action will be dismissed with prejudice.

## BACKGROUND

**Complaint.** Through this action, English seeks recovery for injuries she allegedly suffered when an elevator at Prisma Health Richland closed on her hand on October 26, 2016. ECF No. 1-1 ¶ 4 ("Original Complaint"). English alleges Otis is responsible for the injuries because it

designed, built, installed, or maintained the elevator. *Id.* ¶¶ 6, 7, 12, 17, 21. English asserts six state-law causes of action against Otis: strict liability, negligent design and/or maintenance, abnormally dangerous activity, general negligence, breach of implied warranty of fitness for a particular purpose, and breach of express warranty. *Id.*

**Removal.** The action was filed in state court on October 24, 2019, and was removed to this court on November 27, 2019. ECF Nos. 1, 1-1. Removal was based on the assertion of diversity jurisdiction, 28 U.S.C. § 1332. ECF No. 1.

**Motion to Dismiss.** Shortly after removal, Otis moved to dismiss the action, arguing the Original Complaint "merely recites the elements of each claim . . . and makes conclusory statements rather than alleging facts." ECF No. 5-1 at 1 (filed December 2, 2019). Otis further argued South Carolina's strict liability statute does not apply to elevators, English does not allege facts sufficient to state claims of negligent design or maintenance, and claims for implied or express warranty fail as a matter of law because an elevator is not a "good" to which warranty theories apply. *Id.* at 3-15.

English filed a short response, asserting her allegations satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. ECF No. 12 at 1-2 (listing eight "short and plain statements" of the facts, all expressed in boilerplate terms). In a concluding sentence, she suggested a possible intent to seek leave to amend. ECF No. 12 at 2 ("THEREFORE, Plaintiff respectfully requests that Defendant's Motion to Dismiss [be] denied *and Plaintiff be allowed to amend her pleadings*." (emphasis added)). Nothing in the memorandum pointed to any particular amendment that might be made.

2

Otis filed a reply, arguing English's response failed to justify or correct the deficiencies noted in the Motion to Dismiss. ECF No. 16 (filed January 6, 2020). In particular, Otis noted, English failed to respond to arguments four causes of action were "legally unsustainable." *Id.* at 4.

**Text Order.** Two days later, the court entered a Text Order noting English indicated a desire to amend but had not offered any specification of proposed amendments. ECF No. 19 (entered January 8, 2020). The Text Order set a deadline for English to move to amend if she intended to do so and held Otis's Motion to Dismiss in abeyance until the amendment issue was resolved. ECF No. 19.

**Motion to Amend.** English filed a Motion to Amend within the time allowed by the Text Order. ECF No. 20 (filed January 24, 2020). Through the motion and attached Proposed Amended Complaint) (ECF No. 20-1, English seeks to (1) join a nondiverse individual defendant, Willie Heyward ("Heyward"), and (2) assert separate but overlapping claims for negligence against Heyward (first cause of action) and Otis (second cause of action).[1] The Proposed Amended Complaint does not include any non-negligence causes of action and, consequently, abandons most of the causes of action challenged by Otis's Motion to Dismiss. *See* ECF No. 20 at 1, 3 (describing

---

[1] While the negligence claims are asserted separately, eight of the specific allegations of negligence are the same for both Defendants. *Compare* ECF No. 20-1 ¶15 (a)-(i), *with id.* ¶ 19 (a), (b), (f)-(i). There are three allegations of negligence against Otis that are not asserted against Heyward (*id.* ¶ 19 (c)-(e)) and one allegation of negligence against Heyward that is not asserted against Otis (ECF No. 20-1 ¶ 15(j)).

3

the Proposed Amended Complaint as expanding the negligence allegations against Otis and removing all other claims).

Otis opposes amendment, arguing the Proposed Amended Complaint "improperly seeks to join a non-diverse party; seeks to assert claims against a new party barred by the Statute of Limitations; and fails to correct the pleading deficiencies that gave rise to the Motion." ECF No. 21 at 1; *see also id*. at 2 (characterizing proposed amendment as "a futile attempt to defeat the diversity jurisdiction of this Court"). Otis asserts the expanded negligence allegations are "merely a reclassification . . . of the legally deficient strict liability and breach of warranty claims" addressed in Otis's Motion to Dismiss. *Id.* at 2, n. 2 (incorporating arguments in support of Motion to Dismiss). It argues the timing of the proposed joinder of a nondiverse defendant, immediately after removal, before discovery, and after the statute of limitations has run on English's negligence claim, demonstrates this aspect of the amendment is an improper attempt to defeat subject matter jurisdiction. *Id.* at 4-5. Otis also argues the timing of the proposed amendments demonstrates a lack of diligence. *Id.* at 6, 7 (noting Plaintiff had more than three years to discover Heyward's identity before filing this action).

In her reply in support of amendment, English relies on the general rule that leave to amend should be freely given. ECF No. 22. Focusing on the early stage of the litigation, English asserts there was no dilatory purpose or bad faith and maintains her "[c]ounsel only recently became aware of [Heyward], who is believed to be an engineer working either as an employee or independent contractor for" Otis during the relevant period. *Id.* at 3. Finally, English addresses the issue of subject matter jurisdiction, in an argument that reads, in full, as follows:

4

> **C. Plaintiff's Amended Compliant was not done to defeat federal jurisdiction.**
>
> Defendant's main concern appears to be allowing this Court to retain jurisdiction. The applicable statute, 28 U.S.C. [§] 1447(e), provides that "if after removal the Plaintiff seeks to join additional defendants who would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." The Court has broad discretion to retain jurisdiction in this case.

*Id.* at 3.

## STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading should be "freely give[n] . . . when justice so requires." The Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

> However, when
>
> a plaintiff seeks to join a nondiverse defendant after the case has been removed the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options . . . the court may deny joinder, or permit joinder and remand the action to the State court. These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case.

*Mayes v. Rapoport*, 198 F.3d 457, 461-62 (4th Cir. 1999). The district court is to consider all relevant factors, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at 462-63.

5

## DISCUSSION

### I. Amendment to Add Heyward

To the extent the Proposed Amended Complaint seeks to add a nondiverse defendant, the timing and other circumstances suggest amendment is intended primarily if not solely to defeat subject matter jurisdiction. This is, in part, because the Motion to Amend was filed not long after removal and predates any discovery in this matter (thus, English did not need discovery to learn Heyward's identity). *See Mayes*, 198 F.3d at 463 (cautioning "where . . . a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction").

This conclusion is further supported by Plaintiff's failure to name *any substitute fictitious defendant* in her Original Complaint, despite filing the action only two days before expiration of the three-year statute of limitations applicable to any negligence claim.[2] Thus, the Original Complaint does not suggest an intent to hold any employee or independent contractor of Otis responsible for English's injuries.

---

[2] The Original Complaint alleges the incident occurred on October 26, 2016. ECF No. 1-1 ¶ 4. The date stamp on each page of the Original Complaint indicates it was electronically filed in state court on October 24, 2019.

English's delay in seeking to amend until several months after expiration of the statute of limitations (likely rendering joinder of Heyward futile) further supports an inference the amendment is intended to defeat jurisdiction.³ Under the circumstances, the delay also supports denial of amendment on grounds of futility and dilatoriness.

In her reply in support of amendment, English includes a *heading* stating the amendment is not intended "to defeat federal jurisdiction." ECF No. 22 at 3. The argument that follows quotes the statutory provision giving the court two choices in such situations "deny joinder, or permit joinder and remand the action to State court." ECF No. 22 at 3 (quoting 28 U.S.C. § 1447(e)). Without addressing the binary nature of the court's options, English concludes "[t]he Court has broad discretion to retain jurisdiction in this case." *Id.*

This conclusion rather mischaracterizes the nature of the court's discretion. While the court has broad discretion whether to allow or deny joinder, it has no discretion to retain jurisdiction *if* it allows joinder of a nondiverse defendant. *Mayes*, 198 F.3d at 462 (quoted *supra*). Thus, nothing in English's arguments weighs against finding the purpose of the proposed joinder is to defeat jurisdiction.

---

³ Notably, English's first suggestion of any intent to amend was in a concluding sentence in her response to Otis's Motion to Dismiss. ECF No. 12 at 2 (filed December 30, 2019). She did not suggest any specific amendments, much less disclose an intent to add any other defendant at that time. Neither did she promptly move to amend. English's Motion to Amend was, instead, delayed until after the court specifically invited such a motion. *See* ECF No. 19 (Text Order entered January 8, 2020); ECF No. ECF No. 20 (Motion to Amend filed January 24, 2020).

In sum, the timing of the proposed amendment and other circumstances suggest the proposed joinder of Heyward is intended primarily if not solely to defeat subject matter jurisdiction. The amendment would, moreover, likely be futile due to expiration of the statute of limitations.[4] Under these unique circumstances, the delay in seeking to join Heyward demonstrates dilatoriness. The court exercises its discretion to deny Heyward's joinder and related amendment of the Complaint on these grounds.

## II. Amendment to Assert a Single Negligence Claim Against Otis

Otis does not oppose amendment to the extent the effect is abandonment of claims other than the negligence claim. While Otis opposes amendment to assert the modified negligence claim, its argument is limited to a brief reference to and incorporation of prior arguments made in opposition to the Original Complaint and characterization of the proposed claim as a reclassification of earlier allegations. *See* ECF No. 21 at 2 (noting English seeks to "expand the scope of [her] negligence claim against Otis" but "does not address how the proposed amendments cure the defects in the original Complaint"); *id.* at n.2 (asserting the "expanded negligence claim . . . is merely a reclassification . . . of the legally deficient strict liability and breach of warranty claims" and incorporating arguments made in support of Otis's Motion to Dismiss).

Though English's supporting allegations are somewhat conclusory, the court finds the single negligence claim asserted against Otis in the Proposed Amended Complaint is not so deficient as to preclude amendment. *See, e.g.*, ECF No. 21-1 ¶ 11 (alleging Otis "had the duty

---

[4] No allegations suggest any ground for tolling.

and/or responsibility to service, maintain, and/or repair the el[e]vator in question"); *id.* ¶ 19 (alleging multiple failures to satisfy this duty). The court, therefore, grants English's Motion to Amend to the extent the Proposed Amended Complaint purports to assert a single claim for negligence against Otis.

**Accordingly, within fourteen days of entry of this order, English may file an Amended Complaint setting forth a negligence claim against Otis.** The Amended Complaint shall remove the proposed allegations and claim against Heyward. It also may be edited to correct typographical errors, but shall not otherwise be modified from the Proposed Amended Complaint.

**III.     Motion to Dismiss**

Otis's Motion to Dismiss will be rendered moot immediately and automatically upon English's filing of an Amended Complaint consistent with the instructions above. If English fails to file an Amended Complaint, the Motion to Dismiss will be granted as English's Proposed Amended Complaint effectively concedes the deficiencies in her Original Complaint, at least as to all causes of action other than the negligence claim. As to the negligence claim, failure to file the allowed Amended Complaint when allowed to do so would demonstrate abandonment of the claim. Therefore, if the Motion to Dismiss is granted, dismissal will be with prejudice.

## CONCLUSION

For reasons set forth above, English's Motion to Amend is denied to the extent she seeks to add a nondiverse defendant and granted to the extent she seeks to assert a single negligence claim against Otis. Plaintiff may file an Amended Complaint consistent with the rulings above within fourteen days of entry of this order. The Motion to Dismiss will be resolved as explained above.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 25, 2020